**IN THE COURT OF APPEALS OF IOWA**

No. 23-0589
Filed May 24, 2023

**IN THE INTEREST OF E.V.,**
**Minor Child,**

**L.V., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

The father appeals the termination of his parental rights to his child. **AFFIRMED.**

Gabriel Brio Porter of Porter Law Firm of Iowa, Des Moines, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

The juvenile court terminated the father's parental rights to E.V., born in 2016, under Iowa Code section 232.116(1)(b), (e), and (f) (2023). We review termination-of-parental-rights proceedings de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). "The burden is on the State to show by clear and convincing evidence that the requirements for termination have been satisfied." *Id.*

The father does not challenge the statutory grounds for termination, which includes the juvenile court's determination that he abandoned E.V. *See* Iowa Code §§ 232.2(1) ("'Abandonment of a child' means the relinquishment or surrender, without reference to any particular person, of the parental rights, duties, or privileges inherent in the parent-child relationship. Proof of abandonment must include both the intention to abandon and the acts by which the intention is evidenced."), .116(1)(b) (allowing the court to terminate parental rights for abandonment). He focuses his challenge on whether termination of his parental right is in E.V.'s best interests.

In considering the best interests of the child, we are required to use the best-interests framework set out by our legislature. *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). As mandated, our "primary considerations are 'the child's safety,' 'the best placement for furthering the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *Id.* (quoting Iowa Code § 232.116(2)). While the father takes issue with the fact that, as of the time of the March 2023 termination trial, the child was living with a foster family that was not a long-term option, he was not in a position to take over the child's care. He had not seen the child in nearly a year and, before the child was

adjudicated in need of assistance, he had gone another year without seeing her. The father absented himself from large portions of the young child's life. Additionally, the father had been out of contact with the Iowa Department of Health and Human Services for nearly eight months; he admitted he was not participating in substance-abuse or mental-health services, though he recognized that mental-health therapy could be beneficial. He lived in a car with his fiancée, as he had been doing for several months. He hoped to obtain another living arrangement in the near future but did not yet have solid plans.

While it is unfortunate that E.V. still needed to make one more move—to another foster family, whom she knew through spending weekends at their home—the fact that she was not yet in the home of her permanent family does not overcome the fact that the father is not able to take over her care. E.V. needs and deserves permanency, and termination of the father's parental rights will allow her to achieve it. Termination is in her best interests. *See In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially) ("A child's safety and the need for a permanent home are now the primary concerns when determining a child's best interests."). We affirm the juvenile court.[1]

**AFFIRMED.**

---

[1] The father references Iowa Code section 232.116(3)(c) in his petition on appeal, which allows the court to forego termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The father bears the burden to convince us to apply this permissive factor. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). And we cannot say the father has even tried to do so. But insofar as he means to rely on this permissive exception, we reiterate that the father went nearly one year without seeing the young child leading up to the termination trial. Additionally, he provided no testimony about his time with E.V. prior to that period. The permissive exception is not applicable here.